*The Superior Court of Detroit, in Equity.*

## THEODORE SCHUNEMAN

vs.

## EDWARD BURK Et. Al.

*Trade Mark—Fraud.*

To constitute an infringement a trade-mark must upon its face be calculated to mislead purchasers as to who is the real manufacturer or proprietor of the goods sold under it.

The question of intent of no consequence where there is no act of fraud.

Bill to enjoin defendants from using an alleged trademark claimed and used by complainant.

Heard on pleadings and proofs, and decided at June term, 1879.

OPINION OF CHIPMAN, J.—I do not deem it necessary to determine all the points presented in the argument of the case. I am of the opinion that there are several grounds on which the complainant ought to fail in the relief sought here. The trade-marks of the respective parties, as made exhibits in the case, are decisive. The authorities hold that one trade-mark to constitute an infringement of another must upon its face be calculated to mislead purchasers as to who is the real manufacturer or proprietor of the goods sold under it, and so interfere with the just profits of the rightful owner.

The exhibits are before me. They cannot be confounded, one for the other, even on casual inspection. In shape, colors, borders, devices, lettering and name of

manufacturer, they are essentially distinct. The only thing they have in common are the words " Commercial Traveler," which, in defendants' label, are prefixed with the abbreviation " Mich.," printed in the same semi-circle in the same sized plain letters as the remainder of the name.

While an intention not to deceive would not avail the defendant, if his label actually did deceive, no fraudulent intent can cover an act which cannot and does not defraud. The question of intent is therefore of no consequence here, because intent without an act is not recognized in the law.

> *Millington vs. Fox, 3 Myl. & Cr., 338.
> Coffeen vs. Brunton, 4 McLean, 516.
> Crawshay vs. Thompson, 4 Man. & Gr., 557.
> Upton on Trade Marks, 204.

The act to be found here must be so close an imitation of complainant's label as to induce purchasers to believe that defendants' label covers complainant's cigars. I do not find this act in the case.

The bill must be dismissed.

*George Gartner* and *George H. Lothrop* for complainant.

*John W. McGrath* and *Ashley Pond* for defendant.

*In Millington vs. Fox, defendant, while perpetually enjoined, was relieved of payment of costs because of a lack of intent on his part to defraud complainant.